# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CODY DANIEL CARLSON,

               Plaintiff,

v.

SGT. RANDY MUELLER,

               Defendant.

Case No. 25-CV-1367-JPS

**ORDER**

Plaintiff Cody Daniel Carlson, an inmate confined at Kettle Moraine Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. On November 10, 2025, the Court screened the complaint, found that it failed to state a federal claim, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 7. On December 4, 2025, Plaintiff filed an amended complaint. ECF No. 8. This Order screens his amended complaint.

## 1. FEDERAL SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing

*Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.    PLAINTIFF'S ALLEGATIONS

On April 17, 2025, Plaintiff was using the prison weightlifting equipment. ECF No. 8 at 2. The prison weightlifting equipment is homemade. *Id.* While using the equipment, it slipped out of Plaintiff's hands and hit him in the face. *Id.* As a result, Plaintiff sustained injuries to his face and has permanent scars. *Id.* Nursing staff concluded that Plaintiff had a concussion and a fractured face. *Id.* Plaintiff suffers from headaches, sensitivity to light, and motion sickness from his injuries. *Id.*

Case 2:25-cv-01367-JPS    Filed 03/30/26    Page 2 of 6    Document 10

Defendant Randy Mueller ("Mueller") is the staff member at fault for Plaintiff's injury. *Id.* Mueller knew this bar was homemade and that work orders to fix it had been placed in the past. *Id.* at 3. Mueller was aware of the weight machines that were in need of repair. *Id.* Mueller was supposed to put in work orders for the machines to be fixed. *Id.* Plaintiff was injured as a result of Mueller failing to take his job seriously. *Id.*

**3.      ANALYSIS**

The Court finds that Plaintiff may not proceed on an Eighth Amendment conditions of confinement claim. A prisoner's claim of unconstitutional conditions of confinement is analyzed under the Eighth Amendment's cruel and unusual punishment clause. *See Farmer v. Brennan*, 511 U.S. 832, 834 (1994). A prisoner is entitled to live in conditions that do not amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Detainees are entitled to be confined under humane conditions that provide for their "basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

To establish a constitutional violation with respect to an inmate's living conditions, he must be able to demonstrate both: (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Woods v. Schmeltz*, No. 14-CV-1336, 2014 WL 7005094, at *1 (C.D. Ill. Dec. 11, 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)); *see also Budd v. Motley*, 711 F.3d 840, 842–43 (7th Cir. 2013). Courts have found that some

types of prison conditions do not implicate the Eighth Amendment because they do not pose a sufficiently serious risk. *See, e.g.*, *Johnson v. Foster*, No. 21-C-88, 2021 WL 535430, at *2 (E.D. Wis. Feb. 12, 2021) (finding that a plaintiff's exposure to a door that closes more quickly than expected did not implicate the Eighth Amendment); *Buck v. Does*, No. 18-cv-174, 2019 WL 2223938 (S.D. Ind. May 18, 2019) (finding that large fan with faulty safety cage that partially amputated plaintiff's finger did not pose a sufficiently serious risk); *Harbert v. Griffin*, No. 17-cv-406, 2018 WL 10517098 (N.D. Ind. Feb. 13, 2018) (finding that faulty cable on weight machine that snapped, causing weights to crash on inmate's head, did not pose an objectively sufficiently serious risk).

Here, the Court finds that Plaintiff's allegations do not implicate the Eighth Amendment. The fact that homemade prison weights sometimes break does not pose a sufficiently serious risk to implicate the Eighth Amendment. Further, Plaintiff's allegations at most show negligence, but nothing indicates that Mueller knowingly subjected Plaintiff to unsafe living conditions. While Mueller may have generally known that homemade weights needed regular repair, nothing suggests Mueller knew the specific weight Plaintiff used was faulty and failed to act. As such, the Court finds that Plaintiff fails to state an Eighth Amendment claim for deliberate indifference. Plaintiff may state a state-law negligence claim; however, in the absence of a federal claim, the Court cannot exercise supplemental jurisdiction over a state-law negligence claim.

## 4.    CONCLUSION

In sum, the Court finds that the amended complaint fails to state a federal claim upon which relief may be granted. Plaintiff was already provided the opportunity to amend his complaint based on the Court's

Case 2:25-cv-01367-JPS    Filed 03/30/26    Page 4 of 6    Document 10

guidance in the prior screening order, and the Court therefore finds that further amendment would be futile. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court will dismiss this case without prejudice for a lack of subject-matter jurisdiction, and Plaintiff may choose to pursue a negligence claim in state court.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for a lack of subject-matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed a "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.